# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                          Case No. 16-CR-178

**RONNELL L. WALLACE**,

      Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Ronnell L. Wallace, appeared before me on May 17, 2017, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 30. Mr. Wallace, who was represented by counsel at the hearing, consented to my conducting the change of plea colloquy. I explained that it would be for United States District Judge J.P. Stadtmueller alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

After Mr. Wallace was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Wallace was lucid, intelligent, and not under the influence of any intoxicants or substances.

I then discussed in detail each of the subjects specified in Rule 11, including the rights he would surrender by entering a plea of guilty, the maximum penalties associated with the charged offense, and the authority of the sentencing judge to disregard any recommendations in the Plea Agreement, ECF No. 22, and to sentence Mr. Wallace at the statutory maximums. Mr. Wallace fully understood the rights he was surrendering and the implications of pleading guilty. Mr. Wallace also was satisfied that he had received effective assistance of counsel.

Of special note, Mr. Wallace's counsel stated that Count 2 of the Superseding Indictment, ECF No. 13, to which Mr. Wallace intended to plead guilty, alleged that he illegally possessed three firearms, which were specifically identified and listed in the charge, but Mr. Wallace was agreeing to admit illegal possession of only two of those listed: the FNP-40 .40 caliber pistol and the Taurus Model 44 Tracker .44 caliber revolver. Mr. Wallace stated that he did not possess the Davis Industries Model P-380 .380 caliber pistol.

Assistant United States Attorney Gail J. Hoffman had no objection to Mr. Wallace limiting his admission for purposes of the plea to possession of only two of the three firearms listed in Count Two. But she reserved the Government's right, as stated in Paragraph 17 of the Plea Agreement, to argue at sentencing that Mr. Wallace in fact possessed all three firearms and was therefore subject to a two-level increase under Sentencing Guidelines Manual § 2K2.1(b)(1)(A). Assistant U.S. Attorney Hoffman also agreed with the Court that Count Two of the Superseding Indictment lists the firearms in the conjunctive but that the word "and" in an

indictment is read as the word "or," such that Mr. Wallace need admit to the possession of only one firearm for purposes of pleading guilty to Count Two.

Accordingly, I assessed that Mr. Wallace provided a factual basis for a plea of guilty as to Count Two. I also determined that he fully accepted responsibility for commission of the offense charged in Count Two. Mr. Wallace did not equivocate as to the fact of his possessing two of the listed firearms, and he was frank, honest, and forthright regarding his consequent guilt.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement. I found that there was an independent factual basis containing each of the essential elements of Count Two of the Superseding Indictment, as discussed above, to which Mr. Wallace was pleading guilty. Mr. Wallace advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of the charged offense. Finally, I found that, in responding to my questions, Mr. Wallace was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Ronnell L. Wallace's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Wallace be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this <u>18th</u> day of May, 2017.

**BY THE COURT:**

<u>*s/ David E. Jones*</u>
DAVID E. JONES
United States Magistrate Judge